95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert ABRAHAM, Defendant-Appellant.
 No. 95-3329.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 8, 1996.
Decided Aug. 9, 1996.
 
 Before POSNER, Chief Judge, and ROVNER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Robert Abraham of two counts of bank robbery, one count of the use of a firearm during the commission of a bank robbery, and one count of being a felon in possession of a handgun. The judge sentenced Abraham to 272 months incarceration. Abraham appeals his conviction. Counsel filed a motion to withdraw and a brief. See Anders v. California, 386 U.S. 738 (1967). This Court notified Abraham, pursuant to Circuit Rule 51(a), of his right to respond to his attorney's motion. He has done so. Having examined the attorney's motion and brief, Abraham's response, and the record, we conclude that there is no non-frivolous basis for appeal of either the conviction or sentence and therefore grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 The case involved two bank robberies. The first was the First America Bank on January 26, 1995 and the second was the Magna Bank on March 17, 1995. The two weapons charges were based on the January 26 incident. The issue at trial was whether Abraham was the person who actually committed the two bank robberies and whether he was the person in possession of the gun during the January 26 incident. (The parties stipulated that Abraham had been convicted of a prior felony and that the gun used in the January 26 robbery had traveled in interstate commerce.) The prosecution presented ample evidence from which a jury could conclude beyond a reasonable doubt that Abraham did in fact commit these crimes. Regarding the January 26 incident, Steven McMahill, Jr. testified that he and Abraham committed the robbery together and that Abraham carried and used the gun. This evidence alone is sufficient to sustain Abraham's conviction for the first bank robbery and the weapons charges. See United States v. Henderson, 58 F.3d 1145, 1148-49 (7th Cir.1995) (holding that the uncorroborated testimony of an accomplice is a sufficient basis for upholding a conviction unless the testimony is incredible). In addition, several other witnesses, customers and bank employees, while not able to describe the two bank robbers because they wore masks, relayed a version of the robbery that squares with Abraham's description. In addition, a federal court security officer who was assigned to the jail where Abraham and McMahill were being held following their arrest testified that he heard Abraham tell McMahill that "[y]ou either stop talking ... to these people and do what I tell you or else."
 
 
 3
 Regarding the March 17 robbery, two tellers were able to identify Abraham even though he was wearing a mask. Another witness testified that she saw Abraham outside the bank around the time of the robbery, and yet another witness testified that he saw Abraham running from the bank. There was additional evidence tying Abraham to each of the robberies, but the above listed testimony was sufficient to sustain the jury verdict. See United States v. Garcia, 35 F.3d 1125, 1128 (7th Cir.1994) (holding that a reversal of a jury verdict is warranted only if there is no evidence from which the jury could find a defendant guilty beyond a reasonable doubt).
 
 
 4
 Moving beyond the sufficiency of the evidence, there were no motions or issues concerning Abraham's Fourth, Fifth or Sixth Amendment rights. In addition, the trial commenced within 70 days of the indictment as required by the Speedy Trial Act. Also, there were no objections by either the defense or prosecution that merit discussion. Further, defense counsel's performance was more than adequate. Abraham's attorney vigorously cross-examined most of the prosecution's witnesses in an attempt to call into question their version of the events. In addition, he attempted to discredit McMahill by eliciting that in exchange for his testimony the government agreed to recommend a sentence reduction. We have reviewed the jury instructions and find that they were proper both in regard to setting out the elements of each of the crimes with which Abraham was charged and in terms of providing the necessary precautionary information. At the close of the trial, Abraham's attorney moved for judgment of acquittal. The primary ground was a lack of evidence. We have already stated why we believe that there is no basis for finding insufficient evidence. We therefore conclude that there is no non-frivolous issue regarding the guilt phase of the trial that Abraham could raise on appeal.
 
 
 5
 We now examine whether there are any non-frivolous issues with regard to Abraham's sentence. The 272-month sentence that Abraham received consisted of 212 months each for the two bank robberies and for being a felon in possession of a firearm, to be served concurrently, and 60 months for the use of a firearm during the commission of a crime of violence. Having examined the presentence report and the transcript of the sentencing hearing, we conclude that there was no appealable issue with regard to the sentence. The 60-month consecutive sentence was mandated by the Sentencing Guidelines in connection with statutory provisions. See U.S.S.G. § 2K2.4; 18 U.S.C. § 924(c). The presentence report indicates that the probation officer correctly calculated Abraham's sentence based upon the crimes for which he was convicted. The report also indicates that the three counts that were sentenced as one were properly combined pursuant to Chapter 3, Part D of the Guidelines, so as to reach the proper offense level. Also, the presentence report shows that the probation officer correctly calculated Abraham's criminal history level. Finally, the sentencing judge acted within his discretion in accepting the enhancements for obstruction of justice, U.S.S.G. § 3C1.1 and Application Note 3, use of a firearm in connection with another offense (so as to enhance the felon in possession charge), see U.S.S.G. § 2K2.1(b)(5) (we note here that the presentence report lists a 5-point enhancement while the Guidelines call for a 4-point increase, but find that this does not change the ultimate combined offense level and therefore does not merit review), and using and/or possessing a firearm during the March 17 robbery. U.S.S.G. § 2B3.1(b)(2)(C). We thus conclude that there are no non-frivolous issues that Abraham could raise on appeal regarding his sentence.
 
 
 6
 Because we find no non-frivolous issues for appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.